Filed 7/24/23  P. v. Gholar CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JULES ANTHONY GHOLAR,<br><br>Defendant and Appellant. | C097598<br><br>(Super. Ct. No. 08F09783) |

On May 5, 2010, a jury found defendant Jules Anthony Gholar guilty of second degree murder and found true the special allegation that he had personally discharged a firearm causing death.  The trial court sentenced defendant to 15 years to life for the murder plus 25 years to life for the firearm enhancement.  We upheld this judgment in an unpublished decision issued in 2011.  (*People v. Gholar* (Aug. 30, 2011, C065396) [nonpub. opn.].)

1

On May 19, 2022, defendant filed a petition for resentencing under Penal Code[1] section 1172.6.[2] Following the appointment of counsel and briefing by the parties, the trial court found defendant had not made a prima facie showing entitling him to relief and dismissed his petition. Defendant timely appealed. Thereafter, appellate counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.App.5th 216, but requesting we exercise our discretion to review the entire record for arguable issues on appeal.

On February 23, 2023, and April 13, 2023, appellate counsel wrote defendant, explaining he would be filing a *Delgadillo* brief and if defendant failed to file a propria persona supplemental brief, his appeal would likely be dismissed. On April 18, 2023, this court sent a letter notifying defendant: (1) his counsel filed an appellate brief stating his review of the record did not identify any arguable issues; (2) as a case arising from an order denying postconviction relief, defendant was not constitutionally entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days to file a supplemental brief or letter raising any argument he wanted this court to consider. In addition, we reiterated if this court did not receive a letter or brief within that 30-day period, his appeal may be dismissed as abandoned.

On May 22, 2023, defendant filed a supplemental brief that we understood to challenge: (1) police techniques utilized in interviewing an individual who ultimately implicated defendant in the murder; (2) the admission of the testimony of the victim's

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. Although defendant filed his petition under former section 1170.95, we cite to the current section 1172.6 throughout this opinion.

sister and a law enforcement officer as to the victim's statements identifying defendant as the shooter; and (3) whether defendant's right to confrontation was violated by the admission of the victim's dying declarations. We will affirm the trial court's order.

DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) This language eliminated the use of the natural and probable consequences doctrine in murder prosecutions but left intact implied malice murder for direct aiders and abettors. (*People v. Gentile* (2020) 10 Cal.5th 830, 838-839, 846-848, 850.)

"Senate Bill 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2.' (Pen. Code, § 189, subd. (e)(3); see § 1172.6, subd. (a).)" (*People v. Strong* (2022) 13 Cal.5th 698, 710.) The unavailability of section 1172.6 relief to actual killers has been uniformly upheld by courts of this state. (*Strong*, at p. 710; see, e.g., *People v. Garcia* (2022) 82 Cal.App.5th 956, 972-973; *People v. Harden* (2022) 81 Cal.App.5th 45, 59-60; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 [actual killer convicted of second degree murder ineligible for relief], abrogated on another point in *People v. Lewis* (2021) 11 Cal.5th 952, 961-962.)

3

Here, a review of the jury instructions and verdicts show defendant is ineligible for relief as a matter of law. The trial court instructed the jury on second degree murder with either express or implied malice. The court did not instruct on either felony murder or the natural and probable consequences doctrine. Further, the firearm enhancement instructions required the jury to find: (1) "defendant personally discharged a firearm during the commission of" the murder; (2) "defendant intended to discharge the firearm"; and (3) "defendant's act caused the death of a person." Thereafter, the jury found defendant guilty of second degree murder and found the firearm enhancement true. Thus, the jury determined defendant was the actual killer preventing him from making a prima facie showing. (*People v. Strong*, *supra*, 13 Cal.5th at p. 710; *People v. Garcia*, *supra*, 82 Cal.App.5th at pp. 972-973; *People v. Harden*, *supra*, 81 Cal.App.5th at pp. 59-60; *People v. Cornelius*, *supra*, 44 Cal.App.5th at p. 58.)

Defendant's arguments attacking his original conviction do not alter this conclusion because they are not cognizable at this point in defendant's case. Only the propriety of the trial court's section 1172.6 determination is properly before us. (See *People v. Strong*, *supra*, 13 Cal.5th at pp. 713-714 [resentencing under § 1172.6 involves "prospective relief from a murder conviction that was presumptively valid at the time," not the correction of "errors in past factfinding"].) Accordingly, this appeal fails.

## DISPOSITION

The trial court's order dismissing defendant's section 1172.6 petition is affirmed.

/s/_____

ROBIE, J.

We concur:

/s/_____

HULL, Acting P. J.

/s/_____

HORST, J.*

---

\*       Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.